UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN P. O'ROURKE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | No. 14-30216-MGM |
| HAMPSHIRE COUNCIL OF | * | |
| GOVERNMENTS; WILLIAM R. BARNETT, | * | |
| in his Official Capacity as Chairman of the | * | |
| Executive Committee of the Hampshire Council | * | |
| of Governments; EILEEN STEWART, in her | * | |
| Official Capacity as Vice Chairman of the | * | |
| Executive Committee of the Hampshire Council | * | |
| Of Governments; CAROL P. CONSTANT, in | * | |
| her Official Capacity as a member of the | * | |
| Executive Committee of the Hampshire Council | * | |
| of Governments; MICHAEL P. SARSYNSKI, | * | |
| JR., in his Official Capacity as a member of the | * | |
| Executive Committee of the Hampshire Council | * | |
| of Governments; GEORGE A. SYMBORSKI, | * | |
| in his Official Capacity as a member of the | * | |
| Executive Committee of the Hampshire | * | |
| Council of Governments; TODD D. FORD, in | * | |
| his Official Capacity as Executive Director of the | * | |
| Hampshire Council of Governments, | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM AND ORDER REGARDING
REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT

(Dkt. Nos. 36, 39, 68)

March 29, 2017

MASTROIANNI, U.S.D.J.

# I.  INTRODUCTION

John P. O'Rourke ("Plaintiff"), acting *pro se*, brings the present action against the Hampshire Council of Governments ("Council") and the following members of its board in their official capacity: William R. Barnett, Eileen Stewart, Carol P. Constant, Michael P. Sarsynski, George A. Symborski, and Todd D. Ford (collectively, "Defendants"). Plaintiff asserts federal, state, constitutional, and statutory claims arising from the Council's decision to terminate him from his position as Director of Electricity on August 19, 2013. Plaintiff and Defendants have filed cross motions for summary judgment.

# II.  PROCEDURAL HISTORY

Plaintiff filed suit against Defendants on December 26, 2014 after being terminated from his position as Director of the Council's Electricity Department ("Department") without notice or a hearing. (*See* Dkt. No. 1, Compl.) Plaintiff's complaint alleges the following: (1) Defendants deprived him of his property rights and right to procedural due process under the Fourteenth Amendment in violation of 42 U.S.C. § 1983 and analogous provisions of the Massachusetts constitution by terminating him without a hearing (Count I), (*id.* ¶¶ 61–65); (2) Defendants breached Plaintiff's employment contract by firing him without cause and in a manner inconsistent with the Council's Personnel Policies and Procedures Manual ("Personnel Manual") (Count II), (*id.* ¶¶ 66–70); (3) Defendants violated Massachusetts's Open Meeting Law ("OML") by improperly conducting closed sessions without affording Plaintiff the requisite procedural safeguards (Count III), (*id.* ¶¶ 71–72); and (4) Defendants conspired to violate Plaintiff's due process rights in violation of 42 U.S.C. §§ 1983 and 1985 (Count IV). (*Id.* ¶¶ 73–77.)

On April 2, 2015, Defendants filed a motion to dismiss all counts pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Dkt. No. 15, Mot. to Dismiss.) Defendants argued: (1) Plaintiff's due process claims (Counts I and IV) must be dismissed "because Plaintiff was an employee at will and did not have a constitutionally protected property interest in his continued employment," (*id.* at 2); (2)

Plaintiff's breach of contract claim (Count II) must be dismissed "because Plaintiff's employment agreement with the Council did not set out a definite term of employment and accordingly, was terminable at will," (*id.*); and (3) Plaintiff's OML claim (Count III) must be dismissed "because the Plaintiff lacks standing to bring such a claim." (*Id.*) Plaintiff opposed the motion, (*see* Dkt. No. 20, Mem. in Opp. to Defs.' Mot. to Dismiss), and it was taken under advisement without a hearing. (*See* Dkt. No. 22.)

In a published opinion, this court denied Defendants' motion to dismiss as to Counts I, II, and IV, and dismissed Count III without prejudice.[1] *See O'Rourke v. Hampshire Council of Gov't's*, 121 F. Supp. 3d 264 (D. Mass. 2015). On February 22, 2016, Plaintiff filed a motion for summary judgment on the remaining claims (Counts I, II, IV). (Dkt. No. 36.) On March 11, 2016, Defendants filed a cross motion for summary judgment. (Dkt. No. 39.)

### III.   FACTUAL BACKGROUND

The parties are familiar with the facts of the case, which are set forth in detail in this court's prior decision on Defendants' motion to dismiss and Judge Robertson's R&R. The court therefore begins its discussion with the standard of review.

---

[1] With respect to Count I, the court found Plaintiff had plausibly alleged an implied employment contract giving rise to a constitutionally protected property interest, *O'Rourke*, 121 F. Supp. 3d at 272, 274, such that he was entitled to "some kind of notice and some kind of opportunity to be heard" before being deprived of that interest. *Id.* at 273 (quoting *Clukey v. Town of Camden*, 717 F.3d 52, 59 (1st Cir. 2013)) (internal quotation marks omitted). The court further held Plaintiff had raised a plausible inference the Council had endeavored to deny him these procedural protections by holding closed sessions and restricting Plaintiff's ability to contest his termination. *Id.* Accordingly, the court denied Defendants' request to dismiss Plaintiff's conspiracy claim (Count IV). *Id.* at 273–74. As to Plaintiff's breach of contract claim (Count II), the court concluded an implied contract existed between the parties and that, assuming "Defendant[s] discharged Plaintiff for a reason other than those outlined [in the Personnel Manual] as potential grounds for discharge[,] Defendant[s] may have breached this employment contract." *Id.* at 274–75. Finally, the court dismissed Count III, holding Plaintiff lacked standing to sue for a violation of the OML, which "does not provide a private right of action to an individual plaintiff." *Id.* at 275 (quoting *Melville v. Town of Adams*, 9 F. Supp. 3d 77, 98 (D. Mass. 2014)) (internal quotation marks omitted)..

## IV.   STANDARD OF REVIEW

Summary judgment is proper where a movant succeeds in demonstrating no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is material if it has the capacity to "sway the outcome of the litigation," *Vineberg v. Bissonnette*, 548 F.3d 50, 56 (1st Cir. 2008), and presents a genuine issue if it could persuade a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting Fed. R. Civ. P. 56(c)). A movant is entitled to judgment as a matter of law where the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In evaluating the facts adduced, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). "The standards are the same where . . . both parties have moved for summary judgment. 'The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.'" *Bienkowski v. Northeastern Univ.*, 285 F.3d 138, 140 (1st Cir. 2002) (internal quotation marks omitted).

An objecting party is entitled to *de novo* review of an R&R. *See United States v. Raddatz*, 447 U.S. 667, 673–74 (1980).

## V.   ANALYSIS

The court will adopt Judge Robertson's well-considered R&R in full despite Plaintiff and Defendants' objections, which the court presently addresses.

**A.  42 U.S.C. § 1983 (Count I) and 42 U.S.C. § 1985 (Count IV)**

In Counts I and IV of his complaint, Plaintiff claims Defendants violated his due process rights when they terminated him from his position as the Council's Director of Electricity without notice or pretermination hearing, (*see* Compl. ¶¶ 61–65, 73–77; *see also* Dkt. No. 37, Mem. in Supp. of Pl.'s Mot. for Summary J. ("Pl. SJM") at 20–21)). Defendants argue Plaintiff was unentitled to any such procedural protections either because he was an at-will employee or because he is subject to the reorganization exception to constitutional due process requirements. (*See* Dkt. No. 41, Mem. in Supp. of Defs.' Opp. to Pl.'s Mot. for Summary J. & Defs.' Cross Mot. for Summary J. ("Def. SJM") at 4–9.) *See Rodriguez–Sanchez v. Municipality of Santa Isabel*, 658 F.3d 125, 130 (defining reorganization exception).

In her R&R, Judge Robertson found Plaintiff not to be an at-will employee in accordance with this court's ruling on Defendants' motion to dismiss. (*See* R&R at 14–18.) To the extent the Defendants now contest this legal conclusion, this court accepts Judge Robertson's application of the law-of-the-case doctrine. That doctrine states, "if the same legal theory supports both" a motion to dismiss and a motion for summary judgment, "the disposition of the motion to dismiss may serve as the law of the case and on these grounds, a court may similarly dispose of a motion for summary judgment." *PDK Labs Inc. v. Ashcroft*, 338 F. Supp. 2d 1, 7 (D.D.C. 2004) (footnote omitted) (citing *In re Midwest Milk Monopolization Litig.*, 380 F. Supp. 880 (D. Mo. 1974)). While at this stage Defendants dispute the facts, they have presented no novel legal theory as to why Plaintiff was an at-will employee. Accordingly, the court will not reinterpret its previous determination as to Plaintiff's employment status. As Judge Robertson explained, the operative question for summary judgment as to Counts I and IV is therefore whether the reorganization exception applies.

As Judge Robertson recognized, the fact that this court found Plaintiff not to be an at-will employee does not entitle Plaintiff to procedural due process if the reorganization exception applies.

(*See id.* at 17–18 (explaining the reorganization exception).) Per the reorganization exception, "an employee who loses his or her job . . . is not entitled to a hearing, despite the presence of a 'no dismissal except for cause' rule, when the position is abolished pursuant to a bona fide government reorganization or kindred cost-cutting measure." *Hartman v. City of Providence*, 636 F. Supp. 1395, 1410 (D.R.I. 1986) (citing numerous cases stating the same); *see also Rodriguez–Sanchez*, 658 F.3d at 130 ("[P]re-termination hearings are not required by due process where a bona fide government reorganization plan bases dismissals on factors unrelated to personal performance." (citing *Whalen v. Mass. Trial Court*, 397 F.3d 19, 25 (1st Cir. 2005)). Consequently, summary judgment is proper in this case if it can be shown Defendants carried out a "bona fide government reorganization." *Hartman*, 636 F. Supp. at 1410.

Ultimately, Judge Robertson determined a genuine dispute of material fact existed as to whether the reorganization of the Electricity Department was bona fide, foreclosing summary judgment as to Count I. The court agrees with her reasoning, as set forth in her R&R, (R&R at 20–32), and will adopt her recommendation. Judge Robertson also recommended denying summary judgment with respect to Plaintiff's § 1985 conspiracy claim. Because the conspiracy claim turns on whether Plaintiff was entitled to due process protections, the question of whether Defendants' reorganization was bona fide also forecloses summary judgment as to that claim.

<u>Plaintiff's objections to R&R</u>

Plaintiff objects to the R&R because he believes the facts undisputedly show Defendants' reorganization plan was not bona fide such that he was entitled to, but deprived of, his due process rights when terminated. With respect to the legitimacy of the reorganization, Plaintiff asserts Defendants have provided no evidence tending to show the reorganization was bona fide. (*See* Dkt. No. 71, Pl.'s Response to R&R ("Pl. Resp.") at 2–4.) Plaintiff stresses Defendants failed, for

example, to produce "studies or documents demonstrating the effects before and after a

'reorganization' pertaining to personnel"; discussing the "assignment of existing and new functional

personnel roles"; surveying the "legal implications of organizational change"; or analyzing "new

account management processes and controls," "new market segments and strategies," or "short-

term and long-term revenue and expense projections." (*Id.* at 3–4.) In Plaintiff's view, this absence

of factual support proves the plan was a "sham." (*Id.* at 7.) The court disagrees with Plaintiff's

contention that Defendants have failed to provide any evidence of the reorganization's legitimacy.

As Plaintiff acknowledges, the reorganization plan was "verbally presented" to the Executive

Committee ("Committee") prior to Plaintiff's discharge, (*see id.* at 4 ("The entire 'reorganization'

proposal . . . was apparently verbally presented in a secret meeting on August 8, 2013 . . . .")), a fact

reflected in Exhibit E (the Committee's August 8, 2013 meeting minutes) to Defendants' Statement

of Material Facts. (*See* Dkt. No. 40, Ex. E ("Ford stated that he would recommend reorganizing the

Electricity Department, including staffing changes. He would reduce staff to sales, clerical, and

accounting; all other services would be done by consultants.").) Drawing all inferences in

Defendants' favor, *see Triangle Trading Co., Inc. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999), these

meeting minutes could reasonably be construed by a jury as evidence of a bona fide intent to

reorganize. As Judge Robertson determined, summary judgment is therefore improper.

     Plaintiff also challenges Judge Robertson's statement that "[t]he parties dispute whether

[Executive Director Tom] Ford created a portion of the Electricity Department's budget deficit in

fiscal year 2013 by shifting administrative overhead expenses into the department's budget." (R&R

at 5 n.2.) Plaintiff "is confused" as to how "this material fact, based on Council documents and

budgets, [can] be disputed." (Pl. Resp. at 5.) There appears to be a misunderstanding. Plaintiff seems

to construe the statement as identifying a dispute regarding the dollar amount of the deficit. (*See id.*

at 5 ("The budget deficit . . . for FY2013 was about $255,000. The 'Administrative Overhead' of

$206,140 . . . represents over 80% of that budget deficit. How can this material fact . . . be disputed by the Defendants?").) The dispute Judge Robertson isolates pertains to "whether Ford *created* a portion of the . . . deficit," not the deficit figure. (R&R at 5 n.2 (emphasis added).) Indeed, Judge Robertson later recognizes the parties agree on the amount of deficit. (*See id.* at 19–20 (listing facts about which the parties agree).) Plaintiff is therefore correct the degree of deficit is undisputed. However, because Judge Robertson's conclusion is not based on a dispute as to the degree of deficit, Plaintiff's objection is misplaced. To the extent Plaintiff claims Ford created the deficit, this fact is contested by the Defendants. (*Compare* Pl. SJM ¶ 12, at 5 ("In preparing the FY2013 Council budget the Executive Director shifted 'Administrative Overhead' expenses of about $206,00 into the Electricity Department budget for FY2013 . . . .) *with* Dkt. No. 40, Def.'s Statement of Material Facts ("Def. SOF") ¶ 12, at 3 (disputing quoted statement (citing Def. SOF, Ex. 2 at 4)).) Moreover, even were a jury to find Ford created the deficit, it would still have to consider whether the reorganization plan was bona fide in light of that fact, raising a genuine issue precluding summary judgment.

Plaintiff next argues it is undisputed that "there was no change in any of the functions, duties or responsibilities of the four staff members of the Electricity Department" after his discharge, (Pl. Resp. at 6), a fact which militates against a finding of bona fide reorganization. (*See* R&R at 20 (explaining factors used to determine whether a reorganization plan is legitimate).) In fact, Defendants contest this point. (*See* Def. SOF ¶¶ 19, 20, at 8–9 (describing positions abolished and positions created after Plaintiff's discharge).) Defendants report, for example, that "[o]nly one of the individuals who reported to [Plaintiff] remains employed by the [Council]" and that his or her responsibilities "have in large part changed." (*Id.* at 8–9.) Consequently, contrary to Plaintiff's assertion, Judge Robertson correctly advised against summary judgment on this ground.

Defendants' objections

Defendants begin by "object[ing] to that portion of the [R&R] that finds that there is conflicting evidence of whether the Electricity Department's restructuring was a legitimate reorganization." (Dkt. No. 70, Def. Obj. to R&R at 2.) In Defendants' view, they have "submitted uncontroverted admissible evidence that the restructuring was a legitimate reorganization," whereas "[o]ther than his unsupported assertions, Plaintiff did not present admissible evidence that the Electricity Department's reorganization . . . was not legitimate." (*Id.*) In addressing this issue, Judge Robertson applied the following four factors used to determine whether a reorganization is legitimate: "(a) whether the employee's position was eliminated as part of a restructuring plan; (b) whether the employer conducted an evaluation beforehand to determine if the alleged reorganization would result in cost-savings; (c) whether the discharged employee's position was abolished, or whether his duties were assumed by another; and (d) whether the entity's organizational structure changed after the employee's termination." (R&R at 20 (citing *Potkay v. Ament,* 34 F. Supp. 3d 937, 948–52 (E.D. Wis. 2014); *Limes–Miller v. City of Chi.,* 773 F. Supp. 1130, 1139 (N.D. Ill. 1991)).) Judge Robertson found each of these factors factually disputed. The court agrees. There is sufficient evidence in the record that, when construed in the light most favorable to Plaintiff, suggests the reorganization was a pretext for his termination. This evidence includes the timing, secretiveness, and suddenness of Plaintiff's discharge; Ford's reassignment of Plaintiff's financial duties, the subsequent deficit, and the attendant reorganization which led to Plaintiff's discharge; the memorandum of understanding between Ford and the Colonial Power Group; and the initial unavailability of the Council's meeting minutes.[2]

---

[2] Defendants insist "Plaintiff presented absolutely no evidence that the Executive Session Minutes were drafted after the fact," "that the administrative overhead expenses were improperly reassigned, that the reassignment of the administrative overhead lead [sic] to the fiscal year 2013 loss or that the same was manufactured by Ford as a reason to

**B. Breach of Contract (Count II)**

The parties have also moved for summary judgment as to Plaintiff's breach of contract claim. Plaintiff contends Defendants breached his employment contract in two ways. Plaintiff first claims his contract was breached when Defendants terminated him "for a reason other than those outlined [in the Personnel Manual] as potential grounds for discharge." (Pl. SJM at 23.) Plaintiff further argues Defendants breached the contract by failing to follow the discharge policies and procedures specified therein. (*Id.*) Defendants respond Plaintiff was an at-will employee and that, as a result, he "did not have a constitutionally protected property interest in his continued employment." (Def. SJM at 2.) Defendants further insist the reorganization exception applies and that, consequently, the terms of the contract, even if breached, do not apply to Plaintiff. (*See id.* at 6–9.) These points were addressed above. The court's prior finding as to Plaintiff's employment status at the motion to dismiss stage obviates Defendants' present argument Plaintiff was an employee at will with no right to procedural due process. With regard to Defendant's second contention—that the reorganization exception exempted them from providing Plaintiff due process before discharge—Judge Robertson correctly denied summary judgment. As previously discussed, the question of whether the reorganization exception applies is disputed. With respect to Plaintiff's breach of contract claim, both parties have therefore failed to satisfy the summary judgment standard, and summary judgment must be denied.

---

discharge [Plaintiff]." (Def. Obj. at 4.) While Defendants consider these factual allegations "outrageous," "ridiculous," and "ludicrous," (Def. Obj. at 4, 5, 6), all reasonable *inferences* regarding the aforementioned evidence must be drawn in Plaintiff's favor. *See supra*. The court therefore concurs in Judge Robertson's evaluation of this evidence.

## VI.   CONCLUSION

For the foregoing reasons, the Report and Recommendation of the Magistrate Judge (Dkt. No. 68) is hereby ADOPTED in its entirety. Plaintiff's Motion for Summary Judgement (Dkt. No. 36) and Defendants' Cross Motion for Summary Judgment (Dkt. No. 39) are DENIED.


It is So Ordered.


_/s/ Mark G. Mastroianni_____

MARK G. MASTROIANNI

United States District Judge
